FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2010 JUL 28 P 2: 51
CLERK'S OFFICE
AT BALTIMORE
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  *

v. * Criminal No. JFM-07-0518
* Civil No. JFM-10-0706
*
CORTEZ FISHER *
*****

## MEMORANDUM

Cortez Fisher filed a "letter-motion" alleging that Mark Lunsford, formerly a DEA Task Force Officer, had participated in the theft of property seized from Fisher's home and submitted false information in an affidavit he obtained for the search of Fisher's home. The letter-motion was filed as a motion under 28 USC §2255. The motion has now been fully briefed. Although the circumstances giving rise to Fisher's motion are quite disturbing, the motion will be denied.

In its response to Fisher's motion, the government acknowledges that Lunsford did work with a confidential informant in stealing items of property that came into his possession when he executed search warrants. Lunsford has recently pled guilty to a criminal information charging him with theft of property under the custody and control of a federal agency. The government also acknowledges that Lunsford falsely attributed to the confidential source with whom he was working information that he put in affidavits in support of search warrants. Specifically, when interviewed by the FBI, Lunsford admitted that information he attributed in the affidavit in support of the search of Fisher's home was not provided by the confidential source with whom he was working and who was named in the affidavit but by another source.

These facts do not entitle Fisher to the relief he seeks. Fisher pled guilty to the offense of which he now stands convicted. In an agreed statement of facts supporting the guilty plea, Fisher

agreed that during the search of his home, federal agents found over 50 grams of crack cocaine and a loaded handgun. Further, Fisher admitted that after being advised of his *Miranda* rights, he indicated that the crack cocaine and the firearm were his.

The affidavit in support of the search warrant of Fisher's home did contain the falsely attributed information that Lunsford had been advised by the confidential informant with whom he had entered into a corrupt relationship that Fisher had been involved in drug dealing from the home. However, the mere fact that Lunsford attributed this information to the confidential source other than the source that actually provided him with the information is immaterial. Moreover, the affidavit also contained information that Lunsford and other law enforcement agents had seen Fisher emerge from the home and enter a car. When Lunsford and the agents approached him, Fisher endeavored to flee, crashing his automobile into another officer's car. Further, Fisher indicated that he had no connection to the residence in question, even though he had been observed leaving that residence immediately prior to his detention, and a key that unlocked the residence was found on Fisher's person when he was detained. These facts amply supported the issuance of the warrant that led to the seizure of the crack cocaine and handgun that Fisher subsequently admitted were his.

Against this background, Fisher's motion for relief under 28 USC §2255 will be denied. A separate order to that effect is being entered herewith.1

---

1 Fisher also seeks the return of property. The government has indicated that if Fisher provides a description of the property he alleges was stolen by Lunsford, the government will examine the inventory of stolen property in its possession to ascertain if it presently is in possession of the property. The government has further indicated that, if so, it will return the property to Fisher.

Date: 7/28/10

/s/
J. Frederick Motz
United States District Judge